## THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

The Estate of Jerame Cameron Reid, by and
through its administrator Ad Prosequendum,
Lawanda M. Reid and Lawanda M. Reid in
her own right,

     Plaintiff,

v.

City of Bridgeton, Braheme L. Days
(individually), Roger W. Worley
(individually), Mark W. Ott (individually),
Jennifer Webb-McRae (individually and
officially), Elle Honig (individually and
officially),  John J. Hoffman (individually and
officially),  John Does / Jane Does 1-50
(fictitious individuals) (individually and
officially) and ABC Entities 1-50 (fictitious
entities)

    Defendant(s)

: : : : : : : : : : :

**Civil Action No.:**
**1:15-cv-01831-RMB-AMD**


**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

  **NOW COMES** Plaintiff, by and through the Undersigned Counsel, and hereby amends

their Complaint, as a matter of course, pursuant to Rule 15(a)(1)(b) of the Federal Rules of Civil

Procedure as follows:

### INTRODUCTORY STATEMENT

1.  This is a civil rights action brought pursuant to 42 U.S.C. § 1983 seeking damages

against Defendants for committing acts under color of law that deprived Plaintiff of his/ her

rights secured by the Constitution and laws of the United States of America.

2.      In particular, on December 30, 2014, Defendants Braheme L. Days and Roger W. Worley violated the rights of the Decedent, the late Jerame Cameron Reid, to be free from an unreasonable seizure of his person, and excessive use of force, in violation of the Fourth Amendment to the United States Constitution.

3.      In addition, this action is brought by Plaintiff against Defendants under the New Jersey common law torts of assault, battery and negligence, as well as, the New Jersey Civil Rights Act.

## JURISDICTION AND VENUE

4.      Plaintiff's case arises under the Constitution and laws of the United States, specifically, the Fourth and Fourteenth Amendments to the United States Constitution.

5.      Plaintiff's suit is authorized by 42 U.S.C. § 1983 (allowing suit to correct constitutional violations) and 42 U.S.C. § 1988 (providing for attorney fees and litigation expenses – awards).

6.      This court has jurisdiction over Plaintiff's federal constitutional claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(3).

7.      This case also arises under the common law and statutory law of the State of New Jersey.

8.      This Court has pendent jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

9.      Venue is proper under 28 U.S.C. § 1391 in that the Plaintiff Administered, and upon information and belief, the individual Defendants resided in the County of Cumberland, State of New Jersey.  Defendant City of Bridgeton is also located in the County of Cumberland, State of New Jersey.

## PARTIES

10.     Plaintiff Lawanda M. Reid is the duly appointed Administrator of the Estate of her late husband, Jerame Cameron Reid.

11.     Defendant City of Bridgeton (hereinafter referred to as "Defendant City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New Jersey.  The City maintains the City of Bridgeton Police Department, a duly authorized public authority and/or police department, authorized to perform all applicable sections of the New Jersey Criminal Procedure Laws, acting under the direction and supervision of the aforementioned municipal corporation, City of Bridgeton.

12.     At all times relevant hereto, Defendant City of Bridgeton was responsible for the training and supervision of the various police officers and employees working for the Bridgeton Police Department and was directly responsible for the actions of all police officers and employees under its authority.

13.     Upon information and belief Defendant Braheme L. Days (hereinafter referred to as "Defendant Days") is a citizen and resident of Cumberland County, New Jersey.

14.     At all times relevant hereto, Defendant Days was acting under color of state law as a Police Officer employed by the City of Bridgeton, New Jersey.

15.     Defendant Days is sued in his individual capacity as a Police Officer with the City of Bridgeton Police Department.

16.     At all times relevant hereto, Defendant Days was employed by the City of Bridgeton and its Police Department, was an agent of said Department, and acted within the course and scope of his employment and agency therewith.

17.     Upon information and belief, Defendant Roger W. Worley (hereinafter referred to as "Defendant Worley") is a citizen and resident of Cumberland County, New Jersey.

18.     At all times relevant hereto, Defendant Worley was acting under color of state law as a Police Officer employed by the City of Bridgeton, New Jersey.

19.     Defendant Worley is sued in his individual capacity as a Police Officer with the City of Bridgeton Police Department.

20.     At all times relevant hereto, Defendant Worley was employed by the City of Bridgeton and its Police Department, was an agent of said Department, and acted within the course and scope of his employment and agency therewith.

21.     Plaintiff believes, and therefore alleges that the actions of Defendants Days and Worley, as set forth herein, constituted the official policy and custom of the City of Bridgeton and its Police Department and were part of a pattern of conduct in violation of citizen's rights.

22.     Plaintiff is informed, believes, and therefore alleges that the City and its Police Department engaged in a pattern, practice, policy, or custom of condoning unlawful traffic stops and the excessive use of force by its police officers.  Plaintiff alleges, upon information and belief, that Defendants Days and Worley acted pursuant to this pattern, practice or policy or custom with regard to the actions set forth herein.

23.     In the alternative, Defendants Days and Worley acted outside the scope of their employment, outside the pattern, practice, policy or custom of the City and its Police Department, and/or in an intentional, malicious or corrupt manner in their dealings with the Plaintiff's Decedent; and, therefore, Defendants Days and Worley are personally responsible for the violation of Plaintiff's civil rights.

24.     Upon information and belief, Defendant Mark W. Ott (hereinafter referred to as "Defendant Ott") is a citizen and resident of Cumberland County, New Jersey.

25.     At all times relevant hereto, Defendant Ott was acting under color of state law as the Chief of Police employed by the City of Bridgeton, New Jersey.

26.     At all times relevant hereto, Defendant Ott was responsible for the training and
supervision of the various police officers and employees working for the Bridgeton Police
Department and was directly responsible for the actions of all police officers and employees
under his authority.

27.     Defendant Ott is sued in his individual capacity as Chief of Police of the Bridgeton Police
Department.

28.     Upon information and belief, Defendant John J. Hoffman (hereinafter referred to as
"Defendant Hoffman") is a resident of Mercer County New Jersey.

29.     At all times relevant hereto, Defendant John J. Hoffman was duly appointed Acting
Attorney General of the State of New Jersey.

30.     At all times relevant hereto, Defendant Hoffman, as Acting Attorney General, was legally
responsible for the oversight and actions of the New Jersey Attorney General's Office Criminal
Justice Division, including the Criminal Justice Division's legal responsibility to supervise
Cumberland County Prosecutor Jennifer Webb-McRae, and ensure that Webb-McRae lawfully
performed and executed the duties and responsibilities of her Office.

31.     Defendant Hoffman is sued in his individual and official capacities as Acting Attorney
General of the State of New Jersey.

32.     Upon information and belief, Defendant Elle Honig (hereinafter referred to as "Defendant
Honig") is a resident of Mercer County New Jersey.

33.     At all times relevant hereto, Defendant Honig was employed as, and acting as Director of
the New Jersey Attorney General's Office Criminal Justice Division.

34.     At all times relevant hereto, Defendant Honig, as Director of the Criminal Justice
Division, was legally responsible for supervising Cumberland County Prosecutor Jennifer Webb-

McRae, to ensure that Webb-McRae lawfully performed and executed the duties and responsibilities of her Office, including the oversight and auditing of local police agencies within her jurisdiction, including the Bridgeton Police Department, to ensure compliance with State and County internal affairs policies and procedures.

35.     Upon information and belief, Defendant Jennifer Webb-McRae (hereinafter referred to as "Defendant McRae") is a resident of Cumberland County New Jersey.

36.     At all times relevant hereto, Defendant Jennifer Webb-McRae was the duly appointed Prosecutor of Cumberland County, New Jersey.

37.     At all times relevant hereto, Defendant Jennifer Webb-McRae, as Cumberland County Prosecutor, was legally responsible for the oversight and auditing of local police agencies within her jurisdiction, including the Bridgeton Police Department, to ensure compliance with State and County internal affairs policies and procedures.

38.     Defendant Webb-McRae is sued in her individual and official capacity as Cumberland County Prosecutor.

39.     Defendant, John Does/Jane Does 1 through 50, are fictitious names representing unnamed police officers, agents, representatives, and/or employees of said department and were acting under the supervision of said department and according to their official duties and were at all times relevant to this Complaint acting under color of law.  They are sued in their individual and official capacities.

40.     Defendants, ABC 1-50, are fictitious names for any and all presently know governmental departments, divisions, and/or entities of the City of Bridgeton whose malfeasance is/are specifically described below.

## FACTUAL ALLEGATIONS

41.     At or around 9:20 p.m., on December 30, 2014, the Plaintiff's Decedent, Jerame C. Reid, was a passenger in a vehicle operated by Leroy Tutt, and travelling in Bridgeton, Cumberland County, New Jersey.

42.     At or about the same time and place, Defendants Days and Worley, both Bridgeton police officers, were patrolling in their patrol unit near or around the same vicinity as Tutt and Reid, when Worley, who was driving, made a sudden turn for an unknown reason and accelerated the patrol vehicle at a high rate of speed.

43.     Worley continued to accelerate rapidly until a vehicle, later identified as the vehicle occupied by Leroy Tutt and Jerame Reid, came into view in the distance.  Upon information and belief, this was first time that Tutt's vehicle was caught on the patrol unit's dashboard camera, although the camera was operating prior to the sudden turn.  Worley closed the significant distance between the two vehicles quickly and the patrol unit's emergency lights were activated.

44.     The patrol unit caught up to Tutt's vehicle at an intersection.  Tutt pulled his vehicle to the side of the roadway and stopped after making a left turn from the intersection, and Worley immediately parked the patrol unit behind Tutt's vehicle.

45.     Days and Worley stopped Tutt's vehicle without a reasonable and articulable suspicion of criminal activity on the part of either Tutt, or Jerame Reid, in violation of the Fourth Amendment to the United States Constitution.

46.     The unlawful traffic stop and following events were captured on video and audio from the patrol unit's dashboard camera.

47.     The patrol unit had not been stopped for more than a few seconds when Defendant Days

quickly exited the patrol vehicle, approached the passenger side of Tutt's vehicle, and asked for

identification.

48.     Days told the men that he had pulled them over for driving through a stop sign.  Days

stuttered and hesitated before responding to Tutt's question as to which intersection and stop

sign.

49.     Approximately seven (7) seconds after asking Tutt for his driver's license, Days

suddenly, and without warning drew his weapon on Mr. Reid, shouting "show me your hands,"

"show me your (expletive) hands," "don't (expletive) move."

50.     Days continued rapidly shouting expletives, ordering Reid (by first name) not to move,

and directing Worley to: "get him out of the car, Rog.  We've got a gun in his glove

compartment."

51.     Days then reached into the car and over Reid and pulled out what appeared to be a silver

handgun.

52.     Days shouted more expletives at Reid and continued to tell Reid not to move, and "show

your hands," (despite no observable movement by Reid) while Reid told Day "I've got my hands

up," "I ain't doing nothing," and "I ain't even reaching for nothing, bro.  I ain't got no reason to

reach."

53.     At one point, Days threatened Reid: "I'm telling you, I'm gonna shoot you.  You're gonna

be (expletive) dead."

54.     Finally, with Days still shouting conflicting commands, Reid told Days that he was

getting out of the car and getting on the ground.

55.     Days suddenly leaped back several feet.  Reid exited the vehicle with both hands clearly raised in front of him and palms forward at his chest level.

56.     Days fired a volley of shots into Reid as he stood with his hands in clear view and raised. Days continued to shoot Reid even after he was on the ground and in a defenseless position.

57.     Worley fired at least one shot at Reid from the other side of Tutt's vehicle when Reid was already on the ground and of no possible threat.

58.     Jerame C. Reid died as a result of the gunshot wounds.

59.     At the time of the shooting by the Defendant Officers, Jerame C. Reid was not armed with a weapon.

60.     At the time of the shooting by the Defendant Officers, Jerame C. Reid did not pose a danger or threat of harm to either Defendant Days, Defendant Worley, or to the general public.

61.     At the time of the shooting, Jerame C. Reid was not under arrest, but was instead enduring an unlawful traffic stop.

62.     The deadly force used by Defendants Days and Worley was unreasonable, excessive and without lawful justification or excuse.

63.     Plaintiff is informed and believes that Defendants Days and Worley have a well-documented history of subjecting citizens to unlawful traffic stops and using excessive and unnecessary force as police officers with the City of Bridgeton Police Department.

## FIRST CLAIM FOR RELIEF:
## LIABILITY OF THE CITY FOR
## FEDERAL CONSTITUTIONAL VIOLATIONS

64.     The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

65.     At all times relevant hereto, the City of Bridgeton, New Jersey, maintained the City of Bridgeton Police Department, a duly authorized public authority and/or police department, authorized to perform all applicable sections of the New Jersey Criminal Procedure Laws, acting under the direction and supervision of the aforementioned municipal corporation, City of Bridgeton.

66.     At all times relevant hereto, Defendant City of Bridgeton was responsible for the training and supervision of the various police officers and employees working for the Bridgeton Police Department and was directly responsible for the actions of all police officers and employees under its authority.

67.     Plaintiff is informed, believes, and therefore alleges that there has been a history, pattern and culture of unlawful behavior, including, but not limited to: unlawful traffic stops and excessive force by not only Defendants Days and Worley, but also other police officers employed by the City and its Police Department.

68.     Plaintiff is further informed, believes, and therefore alleges that the City, through its Police Department, Police Department command staff, and/or otherwise, was aware of this history, pattern and culture of unconstitutional conduct and that it condoned the conduct by inactivity or grossly inadequate supervision.

69.     Upon information and belief, the conduct of Defendants Days and Worley on December 30, 2014 was in keeping with the custom and practice of the police officers of the Bridgeton Police Department.

70.     The City, its Police Department, and police department command staff were deliberately indifferent to the likelihood that its police officers would commit unlawful traffic stops and use excessive force.

71.     The deliberate indifference of the City to the need for supervision of its police officers was a proximate cause of the constitutional violations suffered by the decedent, Jerame C. Reid.

72.     The violation of Jerame C. Reid's rights under the United States Constitution was the proximate cause of damage to Plaintiff, thereby entitling Plaintiff to compensatory damages from Defendant City in an amount exceeding $ 1,000,000.00.

WHEREFORE, the Plaintiff, Lawanda M. Reid on behalf of the Estate of Jerame Cameron Reid and in her own right, demands judgment against the Defendants, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

**SECOND CLAIM FOR RELIEF:**
**LIABILITY OF DEFENDANTS DAYS AND WORLEY FOR**
**FEDERAL CONSTITUTIONAL VIOLATIONS**

73.     The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

74.     At all times hereto, Defendants Days and Worley were acting under color of state law as Police Officers employed by the City of Bridgeton Police Department.

75.     The actions of Defendants Days and Worley as set forth above violated the late Jerame Reid's rights under the Fourth Amendment to the United States Constitution to be free from the excessive use of force by a governmental official, and to be free from an unreasonable seizure of their person.

76.     The actions of Defendants Days and Worley as set forth above violated the late Jerame Reid's rights to Due Process of Law under the Fourteenth Amendment to the United States Constitution, including the right to be free from physical abuse by government officials.

77.     The force used by Defendants Days and Worley on Jerame C. Reid was unreasonable, excessive, and without lawful justification or excuse.

78.   The violation of Jerame C. Reid's rights under the United States Constitution was the proximate cause of fatal injury to Plaintiff's decedent, as set forth in further detail below, thereby entitling Plaintiff to compensatory damages from Defendants Days and Worley in their individual capacities in an amount exceeding $ 1,000,000.00.

79.   The actions of Defendants Days and Worley in their individual capacities were intentional, malicious, willful, wanton, and/or in reckless disregard of Plaintiff's federally protected rights, therefore entitling Plaintiff to an award of punitive damages.

80.   Plaintiff is entitled to recover punitive damages against Defendants Days and Worley, in their individual capacities, in an amount greater than $ 1,000,000.00.

81.   Plaintiff is entitled to recover reasonable attorney's fees and the costs and expenses of this action.

WHEREFORE, the Plaintiff, Lawanda M. Reid on behalf of the Estate of Jerame Cameron Reid and in her own right, demands judgment against the Defendants, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

## THIRD CLAIM FOR RELIEF:
## LIABILITY OF DEFENANT OTT FOR
## FEDERAL CONSTITUTIONAL VIOLATIONS

82.   The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

83.   At all times relevant hereto, Defendant Mark Ott served as the Chief of Police of the City of Bridgeton, New Jersey, Police Department.

84.   Plaintiff is informed, believes, and therefore alleges that on December 30, 2014, Defendant Ott was aware of, and had actual knowledge of the pattern and culture of

unconstitutional behavior, including unconstitutional traffic stops, and the use of excessive force by police officers employed by the City of Bridgeton, including Defendants Days and Worley.

85.     Plaintiff is informed, believes, and therefore alleges that Defendant Ott not only had actual knowledge of his officers' unconstitutional conduct, but that he also directed, encouraged, tolerated or acquiesced to this behavior.  In doing so, Defendant Ott was deliberately indifferent to the likelihood that his police officers would commit unlawful traffic stops and use excessive force.

86.     The deliberate indifference of Defendant Ott to the need for supervision of his police officers was a proximate cause of the constitutional violations suffered by the decedent, Jerame Reid.

87.     The violation of Jerame Reid's rights under the United States Constitution was the proximate cause of damage to Plaintiff, thereby entitling Plaintiff to compensatory damages from Defendant Ott in an amount exceeding $ 1,000,000.00

WHEREFORE, the Plaintiff, Lawanda M. Reid on behalf of the Estate of Jerame Cameron Reid and in her own right, demands judgment against the Defendants, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

## FOURTH CLAIM FOR RELIEF:
## LIABILITY OF DEFENDANT WEBB-MCRAE FOR
## FEDERAL CONSTITUTIONAL VIOLATIONS

88.     The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

89.     At all times relevant to this Complaint, Defendant McRae, as Cumberland County Prosecutor, was legally responsible for the oversight and auditing of local police agencies within

her jurisdiction, including the Bridgeton Police Department, to ensure compliance with State and County internal affairs policies and procedures.

90.    Plaintiff is informed, believes, and therefore alleges that there has been a history and pattern of unlawful behavior, by Defendant Webb-McRae, and her Office, of: knowingly failing to follow required policies and procedures while conducting internal affairs investigations, conducting internal affairs investigations despite conflicts of interests arising in her office, and failing to supervise and audit local police agencies within her Office's jurisdiction, including the Bridgeton Police Department, to ensure the agencies' compliance with State and County internal affairs policies and procedures.

91.    Defendant Webb-McRae and her Office conducting internal affairs investigations despite conflict of interests arising in her office, failing to follow required policies and procedures while conducting internal affairs investigations, and failing to supervise the Bridgeton Police Department to ensure its compliance with State and County internal affairs policies and procedures resulted in the Police Department, and its officers, including Defendants Days and Worley, continuously violating the constitutional and civil rights of citizens to be free from unlawful traffic stops and excessive and unnecessary force.

92.    Defendant Webb-McRae and her Office's pattern and practice of failing to conduct proper investigations, and failing to supervise and reign in the Bridgeton Police Department and its police officers was a proximate cause of the constitutional violations suffered by the decedent, Jerame Reid.

93.    The violation of Jerame Reid's rights under the United States Constitution was the proximate cause of damage to Plaintiff, thereby entitling Plaintiff to compensatory damages from Defendant Webb-Mcrae in an amount exceeding $ 1,000,000.00.

WHEREFORE, the Plaintiff, Lawanda M. Reid on behalf of the Estate of Jerame Cameron Reid and in her own right, demands judgment against the Defendants, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

### FIFTH CLAIM FOR RELIEF:
### LIABILITY OF DEFENDANT HONIG FOR
### FEDERAL CONSTITUTIONAL VIOLATIONS

94.     The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

95.     Pursuant to N.J.S.A. § 52: 17B-101of the Criminal Justice Act of 1970, the New Jersey Attorney General's Office Division of Criminal Justice is responsible for exercising "all the functions, powers and duties of the Attorney General relating or pertaining to the enforcement and prosecution of the criminal business of the State and of any County of the State," which includes supervising New Jersey County Prosecutor's to ensure that the Prosecutors lawfully execute and perform the duties and responsibilities of their Offices.

96.     At all times relevant hereto, Defendant Honig, as Director of the NJ Attorney General's Office Criminal Justice Division, was therefore legally responsible for the oversight and actions of the New Jersey Attorney General's Office Criminal Justice Division, including the Criminal Justice Division's legal responsibility to supervise Cumberland County Prosecutor Jennifer Webb-McRae, and ensure that Webb-McRae lawfully performed and executed the duties and responsibilities of her Office.

97.     Defendant Honig and  Criminal Justice Division failed to perform their legal responsibility to supervise Cumberland County Prosecutor Jennifer Webb-McRae, which ultimately resulted in Webb-McRae, and her Office knowingly failing to follow required policies and procedures while conducting internal affairs investigations, conducting internal affairs

investigations despite conflicts of interests arising in her office, and failing to supervise and audit local police agencies within her Office's jurisdiction, including the Bridgeton Police Department, to ensure the agencies' compliance with State and County internal affairs policies and procedures.

98.     Defendant Honig's failure to supervise Defendant Webb-McRae was a proximate cause of the constitutional violations suffered by the decedent, Jerame Reid.

99.     The violation of Jerame Reid's rights under the United States Constitution was the proximate cause of damage to Plaintiff, thereby entitling Plaintiff to compensatory damages from Defendant Honig in an amount exceeding $ 1,000,000.00.

WHEREFORE, the Plaintiff, Lawanda M. Reid on behalf of the Estate of Jerame Cameron Reid and in her own right, demands judgment against the Defendants, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

## SIXTH CLAIM FOR RELIEF:
## LIABILITY OF DEFENDANT HOFFMAN FOR
## FEDERAL CONSTITUTIONAL VIOLATIONS

100.    The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

101.    At all times relevant hereto, Defendant Hoffman, as Acting New Jersey Attorney General, was legally responsible for the oversight and actions of the New Jersey Attorney General's Office Criminal Justice Division, and its Director, Defendant Honig, including Honig's the Criminal Justice Division's legal responsibility to supervise Cumberland County Prosecutor Jennifer Webb-McRae, and ensure that Webb-McRae lawfully performed and executed the duties and responsibilities of her Office.

102.     Defendant Hoffman failed to perform his legal duty to supervise the Defendant Honig

and the Criminal Justice which ultimately resulted in Webb-McRae, and her Office knowingly

failing to follow required policies and procedures while conducting internal affairs

investigations, conducting internal affairs investigations despite conflicts of interests arising in

her office, and failing to supervise and audit local police agencies within her Office's

jurisdiction, including the Bridgeton Police Department, to ensure the agencies' compliance with

State and County internal affairs policies and procedures.

103.     Defendant Hoffman's failure to supervise Defendant Honig and the Criminal Justice

Division was a proximate cause of the constitutional violations suffered by the decedent, Jerame

Reid.

104.     The violation of Jerame Reid's rights under the United States Constitution was the

proximate cause of damage to Plaintiff, thereby entitling Plaintiff to compensatory damages from

Defendant Hoffman in an amount exceeding $ 1,000,000.00.

        WHEREFORE, the Plaintiff, Lawanda M. Reid on behalf of the Estate of Jerame

Cameron Reid and in her own right, demands judgment against the Defendants, and each of

them, for compensatory and punitive damages, counsel fees, and all costs of suit.

## SEVENTH CLAIM FOR RELIEF:
## ASSAULT AND BATTERY/NEGLIGENCE

105.     The allegations set forth in the preceding paragraphs are incorporated by reference as if

fully set forth herein.

106.     At all times relevant hereto, Defendants Days and Worley were acting in their official

capacities as employees and agents of the City of Bridgeton and its Police Department, and

within the course and scope of their agency therewith.

107.    On December 30, 2014, Defendants Days and Worley threatened to use force and inflict imminent bodily injury upon Jerame C. Reid by and through their intentional displays of Department issued handguns.

108.    Defendants Days and Worley's display and use of their Department issued handguns caused Jerame C. Reid to have a reasonable apprehension that a harmful and offensive contact with his person was imminent.

109.    Defendants Days and Worley intentionally shot Jerame C. Reid multiple times causing Jerame C. Reid to suffer pain and fatal injury.

110.    Defendants Days and Worley's intentional actions, as alleged above, were done without the consent of Jerame C. Reid and without lawful justification or excuse.

111.    Defendants Days and Worley viciously assaulted and battered Jerame C. Reid, killing him without lawful justification or excuse.

112.    In the alternative, Defendants Days and Worley intentionally pointed their Department issued handguns at Jerame C. Reid, without lawful justification or excuse, and negligently discharged their handguns at Jerame C. Reid, thereby killing Reid.

113.    The actions of Defendants Days and Worley, as alleged in this claim for relief, were committed within the course and scope of their employment with the City of Bridgeton Police Department, and the City is jointly and severally liable under the doctrine of *Respondeat Superior*.

114.    Plaintiff is entitled to compensatory damages from Defendants Days, Worley, and the City, jointly and/or severally, in an amount in excess of $ 1,000,000.00.

115.    Plaintiff further alleges that the actions of Defendants Days and Worley, as alleged in this

claim for relief, were intentional, malicious, willful, wanton, and/or in reckless disregard of the

rights of Jerame C. Reid.

116.    Plaintiff is entitled to recover punitive damages against Defendants Days and Worley, in

their individual capacities, in an amount greater than $ 1,000,000.00.

        WHEREFORE, the Plaintiff, Lawanda M. Reid on behalf of the Estate of Jerame

Cameron Reid and in her own right, demands judgment against the Defendants, and each of

them, for compensatory and punitive damages, counsel fees, and all costs of suit.

**EIGHTH CLAIM FOR RELIEF:**
**VIOLATION OF**
**NEW JERSEY CIVIL RIGHTS ACT N.J.S.A. 10:6-1 _et seq_.**

117.    The allegations set forth in the preceding paragraphs are incorporated by reference as if

fully set forth herein.

118.    Defendants Days and Worley were acting under color of law when they used excessive

force after subjecting the decedent, Jerame Reid, to an unconstitutional traffic stop.  The right to

be free from excessive force and unlawful traffic stops are clearly established rights under the

Fourth Amendment prohibition against unreasonable seizures.

119.    The Defendant City of Bridgeton and Defendant Ott have failed to adequately train or

otherwise have and maintain ineffective policies regarding unconstitutional traffic stops and

excessive force.

120.    The Defendant City of Bridgeton and Defendant Ott were deliberately indifferent to the

likelihood that Bridgeton police officers, including Defendants Days and Worley, would commit

unlawful traffic stops and use excessive force.

121.    Defendant Webb-McRae and her Office knowingly participated in a pattern and practice of failing to conduct proper internal affairs investigations, and failing to supervise, and reign in the Bridgeton Police Department and its police officers from subjecting citizens to unlawful traffic stops and use of excessive force.

122.    Defendant Honig, as Director of the Criminal Justice Division of the New Jersey Attorney General's Office, failed to supervise Defendant Webb-McRae to ensure that Webb-McRae and the Cumberland County Prosecutor's Office lawfully performed the duties and responsibilities of her Office.

123.    Defendant Hoffman, as Acting New Jersey Attorney General, failed to supervise Defendant Honig and the Criminal Justice Division, to ensure that they properly supervised Defendant Webb-McRae and the Cumberland County Prosecutor's Office.

WHEREFORE, Plaintiff states a cause of action under the New Jersey Civil Rights Act, N.J.S.A. 10:6-2.

### NINTH CLAIM FOR RELIEF:
### WRONGFUL DEATH

124.    The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

125.    Defendants owed a duty of reasonable care to Plaintiff's decedent, and to other members of the public, not to make unconstitutional traffic stops, and not to use unnecessary and excessive force.

126.    Defendants failed to use the requisite standard of care, subjecting the decedent, Jerame C. Reid to an unlawful traffic stop, and in using unnecessary and excessive force on Reid.

127.    The Defendants caused the death of the decedent, Jerame C. Reid, by shooting and killing him, thereby breaching their duties owed.

128.    As a direct and proximate result of the Defendants' negligence, gross negligence, recklessness, use of excessive force, homicide and breach of other duties owed to the Plaintiff's decedent, Jerame C. Reid, Reid suffered fatal bodily injuries, and died on December 30, 2014.

129.    As a direct and proximate result of the Defendants' negligence, gross negligence, recklessness, use of excessive force, and homicide in causing the death of Plaintiff's decedent, Jerame C. Reid, the beneficiaries of Jerame C. Reid have sustained pecuniary loss, economic damages and loss, mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of parental care, loss of advice, loss of counsel, loss of training, loss of guidance, loss of education, and loss of filial care.

130.    The Complaint in this matter has been timely filed pursuant to the applicable laws of the State of New Jersey.

WHEREFORE, the Plaintiff, Lawanda M. Reid, as Administrator of the Estate of her husband, Jerame C. Reid, hereby demands judgment against the Defendants for the wrongful death of Jerame C. Reid for economic and noneconomic damages, compensatory damages, plus costs, prejudgment interest, and post judgment interest and counsel fees.

### TENTH CLAIM FOR RELIEF:
### SURVIVAL ACTION

131.    The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

132.    Defendants owed the decedent, Jerame C. Reid, a duty to use reasonable care in carrying out the lawful duties associated with, and required as a municipal police agency and as police officers.

133.    Defendants breached their duties when they failed to use reasonable care, were negligent, reckless, grossly negligent, and used excessive force, in shooting and killing the decedent Jerame Reid, on the night of December 30, 2014.

134.    The negligence, gross negligence, recklessness, use of excessive force and homicidal actions of the Defendants caused the death of the decedent, Jerame C. Reid.

135.    As a direct and proximate result of said breaches of duties, as described above, the decedent Jerame C. Reid, suffered pre-impact fright, and conscious pain and suffering during the time period that he was alive after the shooting.

136.    As a direct and proximate result of the Defendants' breaches of duty, as described above, the Estate of Jerame C. Reid incurred funeral expenses and medical bills.

137.    Plaintiff brings a survivor action pursuant to applicable law against the Defendants for the aforementioned expenses, conscious pain and suffering and pre-impact fright suffered by the decedent, Jerame C. Reid.

WHEREFORE, the Plaintiff, Lawanda M. Reid, as Administrator of the Estate of her husband, Jerame C. Reid, hereby demands judgment against the Defendants for the survival claims of the decedent for economic and noneconomic damages, compensatory damages, plus costs, prejudgment interest, and post judgment interest and counsel fees.

### ELEVENTH CLAIM FOR RELIEF:
### NEGLIGENCE – CITY OF BRIDGETON

138.    The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

139.    The City of Bridgeton and its Police Department had a duty to train and supervise its Police Officers on conducting lawful traffic stops and on the unlawful use of excessive force.

140.    The City and its Police Department also had a duty to fully investigate citizen complaints concerning the behavior and conduct of its police officers, including Days and Worley.

141.    The City of Bridgeton, despite having actual and/or constructive notice of Days and Worley's history of conducting illegal traffic stops, using unnecessary and excessive force against citizens, and multiple complaints by citizens concerning Days and Worley's behavior and conduct as police officers, breached its duty of care and failed to take any action to investigate, deter, restrain, stop, and/or correct said behavior through training, supervision, counseling, termination, or other means.

142.    As a direct and proximate result of the City's negligence, Jerame C. Reid was killed by Defendants Days and Worley.

143.    Plaintiff is entitled to an award of compensatory damages against the City in an amount which exceeds $ 1,000,000.00.

    WHEREFORE, the Plaintiff, Lawanda M. Reid on behalf of the Estate of Jerame Cameron Reid and in her own right, demands judgment against the Defendant City for damages, counsel fees, and all costs of suit.

LAW OFFICES OF CONRAD J. BENEDETTO

Dated: 4-26-15

Conrad J. Benedetto, Esquire
ID No.: CB1697
Attorney for The Estate of Jerame Cameron Reid,
by and through its administrator Ad Prosequendum,
Lawanda M. Reid and Lawanda M. Reid in her own  right.
1615 S. Broad Street
Philadelphia, PA 19148
215-389-1900 – Telephone
215-271-8910 – Fax
Email: CJBenedetto@benedettolaw.com