## State of New Jersey

CHRIS CHRISTIE
*Governor*

KIM GUADAGNO
*Lt. Governor*

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
P.O. Box 116
TRENTON, NJ 08625-0116

JOHN J. HOFFMAN
*Acting Attorney General*

MICHELLE L. MILLER
*Acting Director*

July 30, 2015

Hon. Renee Marie Bumb, U.S.D.J.
United States District Court
District of New Jersey
Mitchell H. Cohen Building
& U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

    Re:    The Estate of Jerame Cameron Reid, et al., v. City of Bridgeton, et al.
           Civil Action No. 15-01831(RMB-AMD)
           Defendant's Request for a Pre-Trial Conference
           Pursuant to Court Rule I.A

Dear Judge Bumb:

    Please accept this letter requesting a Pre-Motion Conference pursuant to Rule I.A of Your Honor's Individual Rules and Procedures.[1]  The State Defendants respectfully submit that Plaintiff's Amended Complaint is ripe for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

    Plaintiff's Amended Complaint arises out of a fatal police shooting involving Jerame Reid.  However, Plaintiff fails to allege that the State Defendants had any involvement whatsoever

---

[1] I respectfully request Your Honor's pardon regarding my failure to request such prior to filing a motion to dismiss in this matter.  I erroneously interpreted Your Honor's Individual Rules and Procedures as permitting the filing of a 12(b) motion due to  the Rule's reference to and interplay with L. Civ. R. 12.1, which allows the filing of 12(b) motions without prior Court approval.



in Plaintiff's death. Instead, Plaintiff seeks to impose respondeat superior and supervisory liability, which is not permitted against state actors.

The State Defendants are entitled to Eleventh Amendment sovereign immunity, are not persons amenable to suit in their official capacities pursuant to 42 U.S.C. § 1983 or the New Jersey Civil Rights Act ("NJCRA"), and are entitled to qualified immunity. Furthermore, Plaintiff fails to state a claim against the State Defendants in their individual capacities and fails to satisfy the <u>Iqbal</u> pleading requirement. Each of the State Defendants' legal arguments is briefly addressed herein.

First, Plaintiff asserts claims against Acting Attorney General Hoffman, Director Honig and Prosecutor Webb-McRae, all whom enjoy sovereign immunity. <u>See</u> <u>Alden v. Maine</u>, 527 U.S. 706, 712-13 (1999). It is evident that Acting Attorney General Hoffman and Director Honig are immune from suit under sovereign immunity. <u>Druz v. Noto</u>, 415 Fed. Appx. 444, 446 (3d Cir. 2011). Additionally, the <u>Fitchick</u> factors instruct that sovereign immunity likewise shields Prosecutor Webb-McRae. <u>Fitchick v. N.J. Transit Rail Operations</u>, 873 F.2d 655, 659 (3d Cir. 1989). Our federal courts have specifically held that a county prosecutor conducting an internal affairs investigation is entitled to sovereign immunity. <u>Adams v. City of Atlantic City</u>, 2014 U.S. Dist. LEXIS 68779, at *25-29 (D.N.J. May 20, 2014).

Second, pursuant to 42 U.S.C. § 1983 and the New Jersey Civil Rights Act, the State Defendants, in their official capacity, are not persons amenable to suit. See <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989); <u>Ramos v. Flowers</u>, 429 N.J. Super. 13, 23-24 (App. Div. 2012).

Third, Plaintiff fails to state a prima facie claim against the State Defendants in their individual capacities. To state an individual liability claim under § 1983 or the NJCRA, a defendant in a civil rights claim must have personal involvement. <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988). Individual liability may not be imposed via respondeat superior. <u>Hampton v. Holmesburg Prison Officials</u>, 546 F.2d 1077, 1082 (3d Cir. 1976). Plaintiff makes no allegations against the State Defendants individually, and fails to establish liability against the State Defendants for Mr. Reid's death. Thus, Plaintiff's claims against the State Defendants should be dismissed.

July 30, 2015
Page 3

Fourth, the State Defendants are entitled to qualified immunity. Qualified immunity shields government officials "from civil liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In order to overcome a qualified immunity defense, one must show (1) that a constitutional right was knowingly violated; and (2) that the right at issue was clearly established at the time of the alleged misconduct. Estate of Soberal v. City of Jersey City, 334 Fed. App'x 492, 494 (3d Cir. 2009). A poorly conducted investigation does not divest an officer of qualified immunity. Wilson v. Russo, 212 F.3d 781, 789 (3d Cir. 2000). Plaintiff wholly fails to demonstrate that a clearly established constitutional right was knowingly violated.

Lastly, Plaintiff's allegations are based on bare conclusory statements that fail to satisfy the Iqbal pleading requirement. Plaintiff fails to assert anything more than bald conclusions and stretched allegations to reach the State Defendants. Because Plaintiff's allegations lack factual support and fail to state a plausible claim, the Amended Complaint should be dismissed. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

For the foregoing reasons, the State Defendants respectfully submit that Plaintiff's Complaint is ripe for dismissal and respectfully request a Pre-Motion Conference.

    Respectfully submitted,

    JOHN J. HOFFMAN
    ACTING ATTORNEY GENERAL OF NEW JERSEY

By: *s/ Brian P. Wilson*
    Brian P. Wilson
    Deputy Attorney General

cc: All counsel of record (via ECF)